UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESTER ULLOA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4395** |
| **BURL CAIN, WARDEN** | **SECTION "J"(4)** |

### ORDER AND REASONS

The petitioner, Lester Ulloa, has filed a **Motion to Appoint Counsel and for an Evidentiary Hearing (Rec. Doc. No. 2)** and a **Motion For Leave to File a Traverse (Rec. Doc. No. 3)** requesting that counsel be appointed to assist in this federal habeas corpus proceeding, under 28 U.S.C. § 2254, and that he be allowed to file a traverse to any response filed by the State in connection with his petition.

Ulloa filed the instant federal habeas petition challenging his current sentence following his 2002 conviction for second degree rape in St. Tammany Parish. The respondent has not yet had the opportunity to file a response in opposition to the petition nor is there any indication that the respondent was served with petitioner's motions.

Ulloa seeks appointment of counsel to assist him in the prosecution of this habeas corpus proceeding. However, it is well settled that a petitioner has no right to appointment of counsel in a habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (no Constitutional right to counsel in habeas corpus proceedings); *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). Such a benefit is only required when the Court determines that an evidentiary hearing is to be held on a § 2254 petition. *See* Rule 8(c), Rules Governing § 2254 Cases; *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011). Based on the limited record before the Court and the

allegations asserted, the record does not compel that an evidentiary hearing will be warranted in this case.

To that end, Ulloa's requests are at best premature. The decision of whether to hold an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). According to § 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown that either the claims raised rely on a new, retroactive rule of constitutional law that was previously unavailable (§ 2254(e)(2)(A)(I)) or the claim relies on a factual basis that could not have been previously discovered by an exercise of due diligence (§ 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. (§ 2254(e)(2)(B)). An evidentiary hearing is not required "when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989). Based on the record before the Court at this time, Ulloa has not established that the record will be insufficient to resolve the claims raised or that he has met any of the criteria for holding an evidentiary hearing.

The Court also has discretion to appoint counsel for an indigent petitioner pursuant to the Criminal Justice Act under 18 U.S.C. § 3006A, if doing so would advance the proper administration of justice. *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir.1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); *accord*, *Hulsey v. Thaler*, 421 F. App'x 386, 388 n.5 (5th Cir. 2011) (assuming without deciding that § 3006A "in fact applies wholesale to non-capital habeas cases such as this."). A review of Ulloa's petition does not reveal any complex legal issues which would warrant appointment of counsel. The Court does not find that the interests

of justice dictate appointment of counsel at this time. *See Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008). Ulloa's motion for appointment of counsel and an evidentiary hearing must be denied.

Finally, Ulloa requests that he be allowed to file a traverse to any answer filed by the State to his petition. The law provides that a petitioner may submit a reply to the respondent's answer in a time fixed by the Court. Rule 5(e) of the Rules Governing Section 2254 Cases. At this time, however, the Court can not properly gauge a specific return date until the State has filed an answer or response to the petition. Ulloa's motion for that reason is premature. His request must be denied without prejudice to his ability to request a fixed time once an answer or response has been filed by the respondent with the Court. Accordingly,

**IT IS ORDERED** that Ulloa's **Motion to Appoint Counsel and for an Evidentiary Hearing (Rec. Doc. No. 2)** and a **Motion For Leave to File a Traverse (Rec. Doc. No. 3)** are **DENIED**.

New Orleans, Louisiana, this  20th  day of October, 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**