UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESTER ULLOA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4395** |
| **BURL CAIN, WARDEN** | **SECTION "J"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.   Factual Background**

The petitioner, Lester Ulloa ("Ulloa") is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On October 26, 2000, Ulloa was indicted by a St. Tammany Parish Grand Jury on one count of aggravated rape.[3] The record reflects that, on September 2, 2000, the victim, S.S. was 19 years old and living in the Del Mar Apartments in Mandeville.[4] That day, S.S. fell asleep on her sofa and later awoke to find Ulloa in her apartment.

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 6.

[3] St. Rec. Vol. 1 of 3, Indictment, 10/26/00 (amended 3/19/02).

[4] The facts were taken from the factual basis provided by the State during Ulloa's guilty plea proceeding. St. Rec. Vol. 1 of 3, Plea Transcript, pp. 13-14, 3/19/02.

Ulloa had entered through a window and dug through S.S.'s underwear drawer. He kept a pair of her underwear and then went downstairs where he attacked her. After a struggle, Ulloa pinned her down and raped her vaginally from behind. He then left the apartment. S.S. notified the police and was able to identify Ulloa as a person she had seen at the apartment complex.

Ulloa was tried before a jury on March 18 and 19, 2002.[5] On the second day of a trial, Ulloa reached an agreement with the State, which was approved by the victim, and after waiver of his constitutional rights, he entered a plea of guilty to the reduced charge of forcible rape.[6] Pursuant to the agreement, he was sentenced to the maximum of forty (40) years in prison without benefit of parole, probation, or suspension of sentence.[7]

Ulloa's conviction and sentence became final thirty (30) days later, on April 18, 2002, because he did not seek reconsideration of the sentence or move for leave to appeal. La. Code Crim. P. art. 914;[8] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

Almost eighteen (18) months later, on October 16, 2003, Ulloa submitted an application for post-conviction relief to the state trial court in which he asserted that his counsel was ineffective in

---

[5] St. Rec. Vol. 1 of 3, Trial Minutes, 3/18/02; Trial Minutes, 3/19/02.

[6] St. Rec. Vol. 1 of 3, Trial Minutes, 3/19/02; Plea Transcript, pp. 2, 15, 3/19/02.

[7] *Id.*, at pp. 18-19.

[8] Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

allowing him to be sentenced to the maximum term.[9]  After receiving an answer from the State, the Trial Court denied the application on January 12, 2004, finding no merit in the arguments raised.[10]

The Louisiana First Circuit Court of Appeal denied Ulloa's related writ application without stated reasons on April 2, 2004.[11]  The Louisiana Supreme Court also denied Ulloa's subsequent writ application on April 8, 2005, without stated reasons.[12]

Over one year later, on July 17, 2006, Ulloa through counsel filed a motion requesting that the Trial Court reconsider and allow amendment of the prior post-conviction application, or alternatively, allow Ulloa to withdraw his guilty plea.[13]  The Trial Court summarily denied the motion on September 27, 2006.[14]  Ulloa did not seek further review of that ruling.

Almost six years later, on July 9, 2012, Ulloa submitted another motion to withdraw his guilty plea, which was denied by the state trial court without stated reasons on August 14, 2012.[15]  Ulloa did not seek review of this order.

Ulloa submitted a second application for post-conviction relief to the state trial court on December 7, 2012, again asserting that he received ineffective assistance of counsel during the plea

---

[9]St. Rec. Vol. 1 of 3, Application for Post-Conviction Relief, 10/27/03 (dated 10/16/03).

[10]St. Rec. Vol. 1 of 3, Trial Court Order, 1/12/04; State's Answer, 12/29/03.

[11]St. Rec. Vol. 1 of 3, 1st Cir. Order, 2004-KW-0195, 4/2/04; St. Rec. Vol. 3 of 3, Copy of 1st Cir. Writ Application, 2004-KW-0195, not filed or dated.

[12]*State ex rel. Ulloa v. State*, 899 So.2d 9 (La. 2005); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2004-KH-1252, 4/8/05; La. S. Ct. Writ Application, 04-KH-1252, 5/26/04 (dated 4/26/04).

[13]St. Rec. Vol. 1 of 3, Motion to Reconsider, 7/17/06.

[14]St. Rec. Vol. 1 of 3, Trial Court Order, 7/17/06.

[15]St. Rec. Vol. 1 of 3, Trial Court Order, 8/14/12; Motion to Withdraw Guilty Plea, 7/16/12 (dated 7/9/12).

proceedings where counsel allowed him to plea to an excessive sentence.[16] The state trial court denied the application as repetitive, citing La. Code Crim. P. art. 930.4(E), and as untimely pursuant to La. Code Crim. P. art. 930.8.[17] Ulloa did not seek further review.

On June 10, 2013, Ulloa submitted an application for writ of habeas corpus to the state trial court challenging the length of his sentence and continued incarceration.[18] The Trial Court denied the application without stated reasons on August 1, 2013.[19] Ulloa did not seek review of this ruling.

Ulloa returned to the Trial Court on August 11, 2013, with a motion seeking to enforce his plea agreement to a lesser sentence or withdraw his guilty plea.[20] The Trial Court denied this motion on September 9, 2013, explaining Ulloa's misunderstanding about the length of his sentence.[21] Ulloa sought reconsideration of the Trial Court's order.[22] On September 30, 2013, the Court denied substantive relief and granted Ulloa leave to seek review in the appellate court, which Ulloa did not immediately pursue.[23]

---

[16]St. Rec. Vol. 1 of 3, Application for Post-Conviction Relief, 12/13/12 (dated 12/7/12).

[17]St. Rec. Vol. 1 of 3, Trial Court Order, 5/24/13.

[18]St. Rec. Vol. 1 of 3, Application for Writ of Habeas Corpus, 6/17/13 (dated 6/10/13).

[19]St. Rec. Vol. 1 of 3, Trial Court Order, 8/1/13.

[20]St. Rec. Vol. 1 of 3, Motion to Enforce Plea Agreement, 8/21/13 (dated 8/11/13).

[21]St. Rec. Vol. 1 of 3, Trial Court Order, 9/9/13.

[22]St. Rec. Vol. 1 of 3, Written Objection, 9/25/13 (dated 9/10/13).

[23]St. Rec. Vol. 1 of 3, Trial Court Order, 9/30/13.

In the meantime, Ulloa submitted a second similar motion to enforce on August 30, 2013, which the Trial Court also denied without stated reasons on September 17, 2013.[24] Ulloa sought review of this ruling in the Louisiana First Circuit, and the Court denied his application on February 18, 2014, without stated reasons.[25] Ulloa did not seek review in the Louisiana Supreme Court.

Ulloa later submitted another motion to the Trial Court on September 22, 2013, seeking to correct his sentence.[26] The Trial Court denied the motion without stated reasons on January 7, 2014.[27] The Louisiana First Circuit denied Ulloa's related writ application without stated reasons on April 21, 2014.[28] The Louisiana Supreme Court also denied Ulloa's subsequent writ application on July 31, 2015, finding it to be repetitive under La. Code Crim. P. art. 930.4(D).[29]

## II.  Federal Habeas Petition

On October 1, 2015, the clerk of this Court filed Ulloa's petition for federal habeas corpus relief in which he asserts that his sentence is illegal and violates due process.[30] The State filed a response in opposition to the petition arguing that it was not timely filed under federal law, and

---

[24] St. Rec. Vol. 1 of 3, Trial Court Order, 9/17/13.

[25] St. Rec. Vol. 2 of 3, 1st Cir. Order, 2013-KW-1740, 2/18/14; 1st Cir. Writ Application, 2013-KW-1740, 10/4/13 (dated 10/2/13).

[26] St. Rec. Vol. 1 of 3, Motion to Correct Illegal Sentence, 9/27/13 (dated 9/22/13).

[27] St. Rec. Vol. 1 of 3, Trial Court Order, 1/7/14.

[28] St. Rec. Vol. 2 of 3, 1st Cir. Order, 2014-KW-156, 4/21/14; 1st Cir. Writ Application, 2014-KW-0156, 2/5/14 (dated 2/2/14); St. Rec. Vol. 1 of 3, Notice of Intent, 2/6/14; Trial Court Order, 2/18/14.

[29] *State ex rel. Ulloa v. State*, 174 So.3d 1146 (La. 2015); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2014-KH-1768, 7/31/15; La. S. Ct. Writ Application, 14-KH-1768, 8/19/14 (dated 8/11/14).

[30] Rec. Doc. Nos. 6, 6-1.

Ulloa failed to state a claim for which relief can be granted.[31] In his reply to the State's response in opposition, Ulloa suggests that his federal petition should be addressed on the merits and re-urges his arguments in support.[32]

### III.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[33] applies to this petition, which is deemed filed in this Court by Ulloa under the federal mailbox rule on September 14, 2015.[34] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[31]Rec. Doc. No. 15.

[32]Rec. Doc. No. 18.

[33]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[34]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Ulloa's federal habeas petition on October 1, 2015, when the filing fee was paid, correcting the filing deficiency previously recognized by the clerk. However, according to the official stamp of the prison, Ulloa delivered his pleadings to prison officials on September 14, 2015, for electronic mailing to this Court which was done that same day. Rec. Doc. No. 1-3, p. 82; Rec. Doc. No. 6-3, p. 82. This is also the same date Ulloa signed his pleadings. The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if the filing fee is not paid at time of mailing) (citing *Spotville*, 149 F.3d at 376).

As indicated above, the State contends that Ulloa's petition was not timely filed under federal law. For the reasons that follow, Ulloa's petition should be dismissed as untimely filed.

## IV.     Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[35]  *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  As calculated above, Ulloa's conviction was final on April 18, 2002, when he did not seek review of his sentence or guilty plea.  Pursuant to § 2244, Ulloa had one year from that date, or until Monday, April 21, 2003,[36] to timely file a federal application for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Ulloa's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

---

[35] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

[36] The one-year ended on April 18, 2003, which was Good Friday, a legal holiday in Louisiana.  La. Rev. Stat. Ann. § 1:55(A)(1).  Under both state and federal law, the time period falls to the next business day, Monday, April 21, 2003.  *See* La. Code Crim. P. art. 13; Fed. R. Civ. P. 6(a)(1)(C).

A. **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'"); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a

challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA one-year filing period began to run on April 19, 2002, the day after Ulloa's conviction was final.  The filing period continued to run uninterrupted for one year, until Monday, April 21, 2003, when it expired.  Ulloa had no properly filed state application for post-conviction or other collateral review, as defined above, pending during that time.

Ulloa did not file for post-conviction relief in the state courts until six months after the AEDPA filing period expired, when he submitted his first post-conviction application to the state trial court on October 16, 2003.  As outlined previously, this application was denied at each level of the state court concluding with the Louisiana Supreme Court's ruling issued on April 8, 2005. Following that proceeding and accounting for his subsequent filings, Ulloa allowed extended periods of time, totaling no less than 2,673 days or just under seven (7) years and four months, to lapse between April 8, 2005, and September 14, 2015, without pursuing state post-conviction or other collateral review or federal habeas corpus relief.  His intermittent filings during that time period were made well-after the expiration of the AEDPA one-year filing period on Monday, April 21,

2003, and do not renew the filing period or provide him any tolling benefits. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For these reasons, Ulloa's federal petition deemed filed on September 14, 2015, was not timely filed in this Court under the AEDPA.

### B.	No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been

denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Ulloa has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The Court recognizes that Ulloa had an interpreter at his state criminal trial and still may not be proficient in the English language. However, the inability to speak or read the English language is not uncommon in the prison system and does not warrant equitable tolling. *See United States v. Teshima-Jiminez*, No. Crim. 97-087, 1999 WL 600326 at *2 (E.D. La. Aug. 5, 1999) (Duval, J.) ("lack of legal research material and assistance" and "little English spoken" were not rare and exceptional circumstances to justify equitable tolling); *Perez v. Johnson*, No. 01CV0013, 2001 WL 804524 at *4 (N.D. Tex. July 6, 2001); *Nguyen v. Merrau*, No. 98-2038, 1998 WL 556628 at *2 (N.D. Cal. Aug. 24, 1998) (equitable tolling not justified where based on "lack of fluency in the English language and

11

[petitioner's] alleged inability to find a jailhouse lawyer"). The "inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *United States v. Cordova*, 202 F.3d 283, 1999 WL 1136759, at *1 (10th Cir. Dec. 13, 1999) (Table, Text in Westlaw); *Zinsou v. Dretke*, No. 04-CV-556, 2004 WL 2381243 at *1 (N.D. Tex. 2004) (citing *Cobas*, 306 F.3d at 444). Furthermore, "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, the lack of proficiency is insufficient to justify equitable tolling of the statute of limitations." *Cobas*, 306 F.3d at 444. Ulloa's *pro se* state court filings, even those drafted with assistance by other prisoners, over the years reflect an ability to pursue and access the courts. Any professed language barrier would not be sufficient to warrant equitable tolling.

The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects simply that petitioner did not timely pursue federal habeas review. There is no basis for equitable tolling in this case.

For all of the foregoing reasons, Ulloa's federal petition deemed filed on September 14, 2015, which was over twelve (12) years and five (5) months after the one-year AEDPA filing period expired on April 21, 2003, is untimely filed and should be dismissed for that reason.

## V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Lester Ulloa's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[37]

New Orleans, Louisiana, this 4th day of February, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[37]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.