```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA


   LESTER ULLOA                          CIVIL ACTION

   VERSUS                                NO: 15-4395

   N. BURL CAIN                          SECTION: "J"
```

### ORDER & REASONS

Before the Court is a Motion to Amend Judgment (Rec. Doc. 24) filed by Petitioner Lester Ulloa. Having considered the motion and legal memorandum, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

The facts pertaining to Petitioner's conviction are set forth in detail in the Report and Recommendations of Magistrate Judge Karen Wells Roby. (Rec. Doc. 19 at 1-5.) Pertinent to the instant motion, Petitioner asks the Court to amend its April 27, 2016 Order Adopting Judge Roby's Report and Recommendations. (Rec. Doc. 24.) Specifically, Petitioner asks that the Court find his sentence "illegal, and that 40 years without any benefits of parole, probation, or suspension of the sentence at all . . . is not authorized in the penalty provisions of the offense [Petitioner] was charged with." *Id.*

**ARGUMENT**

The Petitioner summarizes his arguments by providing that, "The only issue Ulloa seeks review of is his illegal custody by a[n] illegal, unauthorized state sentence that exceeds the penalty provisions of La. R.S. 14:21.1(B)." *Id.* at 4. Petitioner argues that his sentence without the benefits of parole, probation, or suspension is "constitutionally illegal, harsh, and excessive in violation of due process of the law." *Id.* at 5.

**LEGAL STANDARD**

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest

error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

## DISCUSSION

In the instant case, Petitioner has not cited to any intervening change in the law since this Court's April 27, 2016 Order. Furthermore, Petitioner has not pointed to any newly discovered evidence previously unavailable. Thus, Petitioner must "clearly establish either a manifest error of law or fact" to succeed on his Rule 59(e) motion. *Ross*, 426 F.3d at 763. This

Court's April 27, 2016 Order adopted the Report and Recommendations (Rec. Doc. 19) of Magistrate Judge Roby. (Rec. Doc. 21.) The Report and Recommendations provided:

> In the instant case the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] one-year filing period began to run on April 19, 2002, the day after Ulloa's conviction was final. The filing period continued to run uninterrupted for one year, until Monday, April 21, 2003, when it expired. Ulloa had no properly filed state application for post-conviction or other collateral review [. . .] pending during that time. Ulloa did not file for post-conviction relief in the state courts until six months after the AEDPA filing period expired, when he submitted his first post-conviction application to the state trial court on October 16, 2003. [. . .] [T]his application was denied at each level of the state court concluding with the Louisiana Supreme Court's ruling issued on April 8, 2005. Following that proceeding and accounting for his subsequent filings, Ulloa allowed extended periods of time, totaling no less than 2,673 days or just under seven (7) years and four months, to lapse between April 8, 2005 and September 14, 2015, without pursuing state post-conviction or other collateral review or federal habeas corpus relief. His intermittent filings during that time period were made well-after the expiration of the AEDPA one-year filing period on Monday, April 1, 2003, and do not renew the filing period or provide him any tolling benefits. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

(Rec. Doc. 19 at 9-10.) Further, the Report and Recommendations found that equitable tolling was not applicable in this case. *Id.* at 10-13.

As explained by the Report, the "threshold questions on habeas review under the AEDPA are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the

4

merits in state court. . . ." (Rec. Doc. 6.) As noted above, the Report found that Petitioner's federal petition was untimely because it was not filed within one year of the date his conviction became final. (Rec. Doc. 19 at 7.) Petitioner presents no argument that he filed a petition within one year of the date his conviction became final. Consequently, Petitioner has not clearly established a manifest error of law or fact.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion to Amend Judgment* **(Rec. Doc. 24)** is **DENIED.**

New Orleans, Louisiana, this 21st day of July, 2016.

                                    _____
                                    CARL J. BARBIER
                                    UNITED STATES DISTRICT JUDGE

5